## Brand v. Lock.

1. *Jury—Questions of Fact.*—Where a matter in controversy involves operations on the Chicago Board of Trade, and the defense was that they were illegal transactions because of a mutual understanding that the operations were mere speculation in the fluctuations of the market, etc., and the evidence was conflicting, the jury might have found either way, but having found for the plaintiff, their verdict was not disturbed.

Brand v. Lock.

Memorandum.—Action for money advanced. Appeal from the County Court of Vermilion County; the Hon. John G. Thompson, County Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## Appellee's Statement of the Case.

This suit was brought to recover $212.75 advanced by appellee for appellant at his request. The declaration was on the common counts. It appears that appellee was requested by appellant to advance this sum to Lamson Bros. & Co. of Chicago, whose agent appellee was and is. Brand, the appellant, owed Lamson Bros. & Co. this amount of money on two deals, namely, 5,000 bushels July wheat sold April 6th, and 5,000 bushels sold April 10th. In these transactions appellee acted as the agent of Lamson Bros. It was the intention of appellee that appellant should deliver the actual commodity, and the only option that appellant had in the matter was as to the time of delivery, he having the entire month of July in which to deliver. It appears that the appellant became alarmed and closed out the deal of his own motion before the time for delivery. This he was given the privilege to do. On these two deals there was a loss of $212.75, to the appellant. He told appellee to advance this amount for him and he would repay him on the 15th, and then afterward told him that he could not repay him until after harvest. This the appellee did as a mere accommodation to appellant, who afterward concluded that he would not pay at all, he claiming that the contract was illegal.

## Appellant's Brief.

If these sales and purchases were illegal, and appellee was a party thereto, or had knowledge of such fraud or illegality, then any money paid out by him in the furtherance or performance thereof, or any commissions earned, creates no valid obligations that can be enforced by him. An agent can never recover compensation for services performed in an illegal transaction, or in one against public policy. Story on Agency, Sec. 330-344.

If the contracts of sale or purchase were illegal, the appellee can not recover for money advanced in furtherance thereof, or for losses paid by him, for account of appellant. Tenney v. Foote, 4 Brad. 594; Ibid v. Ibid, 95 Ill. 99; Coffman v. Young, 20 Ill. App. 76; Pearce v. Foote, 113 Ill. 228.

W. J. Calhoun, attorney for plaintiff.

### Appellee's Brief.

The defense of an illegal consideration is an affirmative one and the burden of proving it is upon the defendant. Pixley et al. v. Boynton et al., 79 Ill. 351; Erwin v. Williar, 110 U. S. 499; Logan v. Brown, 81 Ill. 415.

Nor does the fact that the contract authorized the seller to exact margins as security make the contract illegal. Corbett v. Underwood, 83 Ill. 324.

Frank Lindley and G. W. Salmans, attorneys for appellee.

### Opinion by the Court.

The appellee, a grain commission broker, recovered a judgment against the appellant for $212.75, on account of moneys advanced in certain operations on the Chicago Board of Trade. The defense was, that the transactions were illegal, because there was a mutual understanding that no grain was to be delivered or received, and that in every instance, the deal was a mere speculation in the market fluctuations, without any intention on either side to receive or deliver the commodity, or any part thereof. On this point the evidence was conflicting. The jury might have found either way.

They chose to credit the evidence offered by the plaintiff, and we find no sufficient reason to say that the verdict should be set aside for want of proof to support it.

It was mainly a question of good faith, for all the deals purported to be actual contracts for the purchase and

delivery of grain.   It is certainly not impossible that these transactions were what they seemed to be.

No complaint is made of the rulings of the court during the trial in reference to the admission of evidence or the giving of instructions.   Let the judgment be affirmed.